THE VON HAMM-YOUNG COMPANY, LIMITED, AN HAWAIIAN CORPORATION, v. CARLOS A. LONG, TAX ASSESSOR OF THE FOURTH TAXATION DIVISION OF THE TERRITORY OF HAWAII.

No. 1789.

ROYAL HAWAIIAN SALES COMPANY, LIMITED, AN HAWAIIAN CORPORATION, v. CHARLES T. WILDER, TAX ASSESSOR FOR THE FIRST TAXATION DIVISION OF THE TERRITORY OF HAWAII.

No. 1790.

SUBMITTED JANUARY 13, 1928.     DECIDED JANUARY 21, 1928.

PERRY, C. J.; BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

These cases are submitted on agreed statements of fact. Inasmuch as the facts in both cases are substantially the same and involve identical questions of law one opinion will suffice. The pertinent facts are as follows: On January 1, 1927, the von Hamm-Young Company was a taxpayer owning taxable property in the fourth taxation division of the Territory of Hawaii. Among its taxable property were a number of new motor vehicles carried in stock for the purposes of sale, valued at $12,699.35. The Royal Hawaiian Sales Company was on said date also a taxpayer and owned taxable property

in the first taxation district. Among its taxable property were a number of new motor vehicles carried in stock for the purposes of sale, valued at $15,663 and a number of secondhand motor vehicles, valued at $11,452. An *ad valorem* tax was assessed against all these vehicles by the assessors of the fourth and first tax divisions, respectively.

The question submitted for our decision is whether the taxpayers are liable for the taxes thus assessed. The statute relating to *ad valorem* taxes is section 1315, R. L. 1925. The only portion of this section that is relevant to the present inquiry is as follows: "Except as exempted or otherwise taxed, all real property and all personal property, within each taxation division shall be subject to a tax each year of such rate per cent upon the full cash value thereof as shall be fixed and determined for that year in the following manner and generally for the following purposes:"

There is no claim that the motor vehicles owned by the taxpayers on January 1, 1927, come within the class of property that is entirely exempt from taxation but it is claimed that they are otherwise taxed and are therefore not subject to the *ad valorem* tax that was assessed against them. This claim is based on section 1306, R. L. 1925. Despite the length of this section, in view of certain contentions of the tax assessors, we deem it advisable to quote it in full. "All automobiles and other power-driven vehicles (all such vehicles being hereinafter referred to as motor vehicles) shall be subject to an annual tax of one cent for each pound in weight of such motor vehicle, to be paid by the owners thereof, which tax shall be collected by the treasurer or his deputy, of the county or city and county, as the case may be, and shall become due and payable on the first day of January and must be paid before the first day of March in each year. In determining the amount of tax for motor vehicles, the weight

taken shall be that of such motor vehicles when in ordinary use and with all its accessories and fittings, including fuel and water. Provided, however, that whenever it shall be made to appear to the treasurer, or his deputy, that any motor vehicles have been acquired subsequent to January first of the current year by the person seeking to register the same, the tax to be paid thereon shall be as herein provided, less eight and one-third per centum of such tax for each month of the then calendar year which shall have elapsed at the date said motor vehicle was acquired. Provided, further, that motor vehicles owned and brought into the Territory for temporary use therein by non-residents of the Territory shall be exempt from the provisions of this chapter relative to the payment of taxes and display of number plates for a period of three months from the date of entry of such vehicle into the Territory, if such non-resident has complied with the law of the state or country of his domicile relative to the payment of taxes and registration, and shall display on such vehicle the number plates for the current year required by the law of such state or country. Upon receipt of such tax the treasurer or his deputy shall number and register such motor vehicle in the owner's name in a permanent record or book to be kept by him for this purpose, and shall furnish the owner thereof with a receipt which shall show upon its face the license number of such motor vehicle, and shall state the fact that the tax has been paid thereon for the whole or the remainder of the current year in which the receipt is issued. The treasurer or his deputy shall also furnish the owner with two number plates for such motor vehicle with the number and year marked thereon, charging therefor in addition to the tax the sum of one dollar. The owner shall attach such number plates to such motor vehicle, one on the front and the other on the rear thereof, which number plates shall be securely fastened to the motor

vehicle in such a way as to prevent such number plates from swinging and at a minimum of sixteen inches from the ground. All such number plates shall be so placed that they shall be plainly visible. Provided, however, that motorcycles shall be required to display only one number plate which shall be fastened to the rear thereof. After the initial payment of the tax herein specified, a motor vehicle shall not be required to be re-weighed in any succeeding year, unless the same has been so altered or changed as to increase or diminish the weight thereof. The treasurer shall immediately notify the sheriff of the county or city and county of numbers issued by him with a general description of the motor vehicle and the name and address of the owner to whom issued. The sheriff of the county or city and county shall record such numbers, description of motor vehicles and names and addresses of the owners to whom such numbers are issued in a permanent record or book to be kept by him for this purpose.

"All new motor vehicles carried in stock for purposes of sale shall be for a period of three months only, and all publicly owned motor vehicles shall be exempt from the tax herein provided for, and number plates for all such motor vehicles may be issued as now or hereafter provided by ordinances of the counties or city and county.

"The number plates hereinabove referred to and as hereinafter described shall be uniform throughout the Territory and shall be used on all motor vehicles upon which a tax is paid pursuant to this section. All such number plates shall bear the word 'Hawaii,' shall be of different color or shade each year with a distinct contrast between the color of the plates and the numerals and letters thereon, and shall be of such size, shape and color and with such arrangement of letters and numerals as may, subject to the provisions of this section, be determined by the secretary of the Territory. On or before

the first day of October, the secretary shall annually notify the several treasurers of the counties and city and county of his determination in regard to the size, shape, color and arrangement of letters and numerals of such plates and the numbers to be used in each county or city and county. The numerals on all such number plates shall not be less than four inches in height and the strokes thereof not less than one-half inch in width, except in the case of motorcycles, in which case such numerals shall be not less than one inch in height and the strokes thereof not less than one-eighth inch in width.

"It shall be the duty of the boards of supervisors of the several counties and city and county to purchase a sufficient number of such plates for use in such county or city and county.

"Any motor vehicle not having the number plates required by this section, or any motor vehicle upon which taxes are delinquent as hereinbefore provided, may be seized wherever found by the treasurer, his deputy or by any sheriff, or deputy sheriff, or by any police officer, or any person acting on behalf of such treasurer, or deputy treasurer; and held for a period of ten days, during which time such motor vehicle shall be subject to redemption by its owner by payment of the taxes due, together with a penalty of one dollar and the cost of storage and other charges incident to the seizure of such motor vehicle. The treasurer, or his deputy, or the sheriff, or deputy sheriff, or police officer, of any county or city and county, or any person acting on behalf of such treasurer, or deputy treasurer, shall be deemed to have seized and taken possession of any motor vehicle as aforesaid, after having securely sealed same where located and having posted a notice upon such property, setting forth the fact that the same has been seized for taxes and warning all persons from molesting same under penalty to be provided. All persons molesting or disturbing the motor vehicle so

seized shall be subject to the penalty hereinafter provided. All motor vehicles so seized and sealed as aforesaid shall remain at the place of seizure or at such other place as the treasurer, or his deputy, may direct, at the expense and risk of the owner. If the owner of any such motor vehicle shall fail to redeem the same within ten days after such seizure such motor vehicle may be sold by the treasurer, or his deputy, at public auction to the highest bidder for cash, after giving ten days' public notice thereof in a newspaper of general circulation published in such county or city and county, or by posting notices thereof in at least three public places in the district where such motor vehicle was seized. The amount realized at such sale, less the amount of the tax and penalty due, together with all costs incurred in advertising, storing and selling the same and all other charges incident to such seizure and sale, shall be paid to the owner of such motor vehicle. If no claim for such surplus shall be filed with the treasurer within sixty days from the date of such sale, such surplus shall be paid into the county or city and county treasury as a governmental realization and all claim to such sum shall thereafter be forever barred.

"Any person who shall attach to and use on any such motor vehicle any number plates not furnished in accordance with the provisions of this section, or who shall fraudulently use such number plates upon any other vehicle other than the one for which such number plates were issued, or who shall molest or disturb any motor vehicle, which has been seized pursuant to this section, or any treasurer, or deputy treasurer who shall issue a certificate of registration or number plates to any person who has not paid the tax required by this section, or any person who shall violate any of the provisions of this section, shall be deemed guilty of a misdemeanor, and

upon conviction thereof, shall be punished by a fine not exceeding five hundred dollars ($500.00)."

It will be observed from this section that the legislature, so far as taxation was concerned, had in mind two classes of motor vehicles—new ones carried in stock for the purposes of sale and all other kinds. Those belonging to the former class are by express provision of the statute not subject to the tax therein provided for a period of three months. It is contended by the tax assessors that since such vehicles are for this period free from the tax imposed by the section just quoted they are therefore subject to the *ad valorem* tax provided by section 1315. We cannot agree with this contention. The effect of section 1315 is that property which is otherwise taxed is not subject to an *ad valorem* tax. If this section had provided that all property not otherwise taxed *during some specified time* is subject to an *ad valorem* tax there would be much force in the tax assessors' contention. This, however, is not the provision of the statute. Its provision is that property *not otherwise taxed* is subject to the *ad valorem* tax. This clearly means property not otherwise taxed at any time during the taxation period. The tax provided by section 1306 inevitably falls on "new motor vehicles carried in stock for purposes of sale" at the expiration of the three months' exemption. They are therefore *otherwise* taxed within the meaning of section 1315. Since the legislature deemed it expedient to exempt this class of vehicles from taxation for a stated period it is not our province to review its action. If it had been its intent to fasten an *ad valorem* tax on new motor vehicles because they were for a period of three months exempt from the tax imposed by section 1306, it would have said so. In the absence of such declaration the clear provisions of the statute must prevail.

It is also contended by the tax assessors that neither new motor vehicles nor secondhand motor vehicles are

taxable under the provisions of section 1306 until they are in actual use or intended for actual use and that inasmuch as the motor vehicles which the taxpayers the von Hamm-Young Company and the Royal Hawaiian Sales Company owned on January 1, 1927, were not at that time in use or intended to be used they were not then taxable under section 1306 and therefore were not exempt from the *ad valorem* tax as provided by section 1315. This conclusion of the tax assessors is based on a false premise. There is nothing in section 1306 that indicates any intention by the legislature to suspend the tax therein provided until the vehicles mentioned, whether new or secondhand, should be in actual use on the highways or intended for such use. It is true, as pointed out by the tax assessors, that the method of ascertaining the amount of the tax on motor vehicles is by weight and not by estimating their value. It is also true that when they are weighed they must have upon them all the fittings which they have when in ordinary use, including fuel and water. None of these provisions of the statute, however, is inconsistent with its positive mandate that all motor vehicles, other than new ones kept in stock for purposes of sale, shall be taxed on January 1 of each year. Nor can it reasonably be inferred from any of these provisions that new motor vehicles kept in stock for purposes of sale are not taxable immediately after the expiration of the three months' period of exemption. Nor does the contention of the tax assessors derive any support from other provisions of section 1306 relating to the size and display of number plates and other requirements that are manifestly only applicable when a motor vehicle is ready to take the road. These are obviously merely police measures and have nothing at all to do with the question of taxation.

Even conceding the soundness of the tax assessors' contention that motor vehicles are not liable to be taxed

under section 1306 until they are ready for use, they are concededly taxable at that time. For the reasons already given this places them in that class of property that is otherwise taxed and exempts them from the *ad valorem* tax.

Upon presentation judgments in conformity with this opinion will be signed.

*Harry Edmondson* and *Thompson, Cathcart, Beebe & Winn* for the von Hamm-Young Company.

*Smith, Wild & Hoppe* and *J. L. Coke* for Royal Hawaiian Sales Company.

*J. W. Russell* for the tax assessors.